Shaw, C. J.
It appears by the facts agreed, that Campbell became an insolvent under the laws of Massachusetts, the first publication of proceedings before Myron Lawrence, Esquire, commissioner, having taken place on the 20th of February, 1849. Gates, the appellant, offered a claim for proof, having been originally a debt due to him from Campbell and Longley, a firm of which Campbell was a member. The assignees of Campbell, in opposition to the appellant’s claim, relied upon a certificate of discharge, under a former proceeding in insolvency against Campbell and Longley, jointly. The claimant, admitting that Campbell and Longley had obtained a discharge in due form, denied the validity of such discharge, as it respected Campbell, on the ground of fraudulent preferences, and other acts, on his part, which, by force of the statute, rendered the discharge null and void. This court, upon an appeal from the commissioner, (see Gates v. Mack, 4 Cush. 48,) decided, that such acts, if proved, as they might be before the commissioner, would avoid the bar arising from the certificate, as to him; and as the debt of partners is a joint debt, each was liable in solido for the whole, and the demand was a debt provable. Of course, whatever dividend, if any, had been received under the former proceedings, would enure by way of payment, pro tanto, and reduce the demand accordingly. In this state of the case, it was referred to arbitrators, who de *614 tided in favor of the appellant, holding the former certificate void as to Campbell, for the causes assigned, and no bar to the recovery of the debt against him.
It is now objected, on the part of tne assignees and general creditors, that this debt being a partnership debt of Campbell and Longley, it ought not to be allowed as a several debt of Campbell, so as to permit the appellant to claim pari passu with the several creditors, nor until the several debts are paid; and the case of Barclay v. Phelps, 4 Met. 397, and the class of cases, where there are at the same time subsisting several debts and partnership debts, due from the insolvent,' are relied on as authority. But the court are of opinion, that these authorities are not relevant and do not apply. If the appellant has any claim, it is because, by the former proceedings and certificate of discharge, the debt originally joint has become several; Longley was discharged by his certificate, Campbell was not discharged, and the debt therefore has become the sole and several debt of Campbell. Such a severance may be effected in various ways; for instance, by statute, where one partner or other joint debtor dies. St. 1799, c. 57; Wilby v. Phinney, 15 Mass. 116. So where two or more are sued on a joint contract, and one pleads some especial matter of discharge as to him, as a discharge in bankruptcy, the suit may proceed against the other who is held in solido.
But without dwelling further upon the general principle, the original insolvent law, still in force, St. 1838, c. 163, § 8, provides, that no discharge of any debtor under this act shall release or discharge any person who may be liable for the same debt, as partner, joint contractor, indorser, or otherwise, for or with such debtor.
Campbell and Longley were partners and joint debtors. Longley has been discharged under the insolvent law; his discharge has not been annulled or impeached, but primd facie stands good. Campbell has not been discharged, and of cotuse was liable as a sole debtor to the appellant, when he became a second time insolvent. We think the decree of the commissioner, allowing this claim, was right.